PEOPLE v. HOKE.

(Supreme Court, Appellate Division, Third Department.   June 27, 1912.)

1. CRIMINAL LAW (§ 1170*)—REVIEW—EVIDENCE—HARMLESS ERROR.
Where accused on the cross-examination of a state's witness showed that the witness had made an affidavit detailing the facts testified to, and the answers of the witness were uncertain and conflicting as to whether the affidavit was procured by duress, the error, if any, in excluding another affidavit verified by the witness, which did not expressly refer to the prior affidavit, but which related to duress, was not prejudicial and must be disregarded as required by Code Cr. Proc. § 542.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3145–3153; Dec. Dig. § 1170.*]

2. CRIMINAL LAW (§ 1170*)—REVIEW—EVIDENCE—HARMLESS ERROR.
Where, on a trial for selling liquor on Sunday, the witnesses for the prosecution and defense testified that a state's witness and his companions were twice in accused's hotel on the Sunday, the exclusion of evidence of the state's witness as to the second occasion of his entering into accused's place of business was not erroneous, in view of the offer of the court to permit accused to ask the witness about the occasions he was in accused's place of business that Sunday and about his evidence on another trial in that respect.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3145–3153; Dec. Dig. § 1170.*]

3. CRIMINAL LAW (§ 547*)—EVIDENCE—TESTIMONY OF STENOGRAPHER AS TO STATEMENTS OF WITNESS ON ANOTHER TRIAL.
The testimony of a stenographer as to what a witness had testified to on another trial is properly excluded, in the absence of a showing that the testimony of such witness was correctly taken by the stenographer or the minutes correctly transcribed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1237–1246; Dec. Dig. § 547.*]

4. CRIMINAL LAW (§ 1170*)—HARMLESS ERROR—ERRONEOUS EXCLUSION OF EVIDENCE.
The error, if any, in excluding evidence, is cured by subsequently admitting the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3145–3153; Dec. Dig. § 1170.*]

Appeal from Otsego County Court.

Ellery Hoke was convicted of violating the Liquor Tax Law, and he appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Merritt Bridges, of Morris, for appellant.
Ulysses G. Welch, of Edmeston, for the People.

LYON, J.   The appellant was convicted of violating the Liquor Tax Law (Consol. Laws 1909, c. 34) by selling ale and beer between the hours of 2 and 3 o'clock on Sunday, March 13, 1910.   The evidence was amply sufficient to justify the verdict, and the only questions arising upon this appeal relate to exceptions to the exclusion of evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] One Lynch, a witness for the prosecution, testified to having been in the hotel on two separate occasions on the afternoon in question with three companions and to their having been served with ale and beer by the appellant, to whom they made payment therefor. Upon cross-examination the appellant proved the making by the witness, in April, 1910, before a justice of the peace, in the presence of the district attorney, and a spectator, of an affidavit (Exhibit A, p. 80) in which the witness stated the facts as above detailed as to the sale of the ale and beer, and practically all the facts stated in Exhibit A. The appellant then sought to prove by the witness Lynch that he was compelled to make the affidavit (Exhibit A.) under threat of being placed in jail if he refused. The answers of the witness were uncertain and conflicting as to whether the justice of the peace threatened to put him in jail if he did not sign the affidavit. The attorney for the appellant then offered in evidence the affidavit of witness Lynch, verified April 30, 1910 (Exhibit B, p. 82), which was excluded. Appellant, relying upon the case of People v. Glennon, 175 N. Y. 45, 52, 67 N. E. 125, claims that this was reversible error. The affidavit (Exhibit B), as a whole, was clearly inadmissible, and in case the portion thereof, relating to the duress, was admissible, its exclusion was not such error as to call for a reversal of the judgment of conviction. In People v. Glennon, supra, the error was much more prejudicial, and yet the court intimated that, were it not for errors in the charge, the court would disregard the error in excluding the evidence of duress. Furthermore, the affidavit (Exhibit B) is not entitled in any proceeding, and it refers to an affidavit verified by the witness on April 30th, whereas Exhibit A not only bears verification of date April 20th, but the testimony states that it was verified on that day. It appears also that affidavits were taken in the case of the People v. Kraham. Even if it should be held that any error was committed in the exclusion of evidence relating to duress of the witness Lynch, the same should be disregarded under section 542 of the Code of Criminal Procedure as being a technical error which did not affect the substantial right of the appellant.

[2] Another alleged error, specified by the appellant, relates to the exclusion of evidence of the witness Lynch as to the time when he and his companions entered the hotel. As testified to on the Kraham trial, it was many times testified to by various witnesses, both for the prosecution and defense, that Lynch and his companions were twice in the hotel on the afternoon of March 13th, between 2 and 3, and at about 5 o'clock. The contradictory testimony offered was that given by the witness on the Kraham trial, and unquestionably related to the second occasion.

The court was fair to the defendant in his statement (folio 94):

"By the Court: I will allow you to ask, Mr. Bridges, when he was in the Hotel Fenimore that day, how many different occasions, and what time of day, and then ask him his evidence on the other trial in that respect, that is, as to the time of day and different occasions. (Defendant excepts.)"

[3] The defendant did not see fit to avail himself of this offer. Furthermore, as to the exclusion of the testimony of the stenogra-

pher, Ludlan, it was not shown that the testimony was correctly taken by her or the minutes correctly transcribed.

[4] As to the alleged error in excluding the testimony of witness Lynch (at folio 115), the error, if any, was cured by the witness later being allowed to answer the question at folio 118.

The record as a whole establishes the fact beyond any reasonable doubt that the appellant was justly convicted. The defendant himself testifies (folio 198) that on the order of the guest Halbert he served liquor not only to Halbert and Moore, who was dining with him, but also to three other persons in the room, for whom he claimed Halbert ordered, serving four or five glasses, and Halbert identifies the other persons served by appellant as Lynch and his companions (folio 148). The appellant has paid the fine of $200 (folio 30).

The judgment should be affirmed.